IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SEGUNDO RODOLOFO NOA JIPA,

PETITIONER,

v.                                          CIVIL ACTION NO. 3:26-0086

CARL ALDRIDGE, Superintendent,
Western Regional Jail;
MICHAEL T. ROSE, Acting Field Office
Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELO JO BONDI,
United States Attorney General,
in their official capacities,

RESPONDENTS.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Segundo Rodolfo Noa Jipa's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Also pending is a Motion to Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office Director, Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General. ECF No. 18. Carl Aldridge, Superintendent of Western Regional Jail, is also a respondent.[1]

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal

The Court previously scheduled a Show Cause Hearing on the Petition, however, both parties have agreed that a hearing is not necessary given the briefing[2] and identical legal argument previously presented before this Court.[3] As such, the hearing scheduled for Tuesday, February 17, 2026, is **CANCELLED**. The Court thoroughly has considered the briefing, and without the need for a hearing, the Petition is ripe for review.

Petitioner is a citizen of Peru who entered the United States in 2022. *Pet.* ¶ 14. According to Department of Homeland Security documentation, in 2022, he was apprehended by Border Patrol Agents as an "immigrant without a visa" and "processed as a I-860 W/ Credible Fear." *2022 Form I-831*, at 2, Gov't's Ex. A, ECF No. 18-1; *2026 Form I-831*, at 3, Gov't's Ex. E, ECF No. 18-5. The documentation indicates, "the subject does claim to fear persecution or torture if return to the subject's country of citizenship." *2022 Form I-831*, at 2, Gov't's Ex. A. Petitioner was provided a "Notice and Order of Expedited Removal," a "Notice to Appear" providing a hearing date of January 23, 2023, then was released on parole. *Pet*. ¶ 14; *Resp.* 4; *Notice and Order of Expedited Removal* 1, Gov't's Ex. C, ECF No. 18-3; *Notice to Appear* 1, Gov't's Ex. B, ECF No. 18-2; *Notice to EOIR: Alien Address*, Gov't's Ex. D, ECF No. 18-4. In April of 2025, Petitioner

---

respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp* 2, ECF No. 9.
[2] Briefing includes *Verified Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet.")*, ECF No. 1; *Response to O.S.C. and Mot. to Dismiss ("Resp.")*, ECF No. 18; *Pet'r's Reply to Resp. ("Reply")*, ECF No. 16.
[3] *See Resp.* 3 ("Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, the government hereby relies upon the legal arguments presented below, together with the exhibits attached to this response, and believes this matter can be decided without a hearing."); *see also Reply* 2 ("Given this Court's thorough opinion in the *Simanca Gonzalez* matter, which Petitioners invoke and rely upon herein, Petitioners need not present further argument regarding the jurisdictional, statutory, constitutional, and remedy questions this Court has already answered.").

was provided with an Immigration Court date of August 1, 2028. *Notice of Internet-Based Hearing*, Gov't's Ex. F, ECF No. 18-6.

Petitioner was arrested within the interior of the United States after he had been released into the country. His arrested occurred on January 17, 2026, in Lesage, West Virginia, after a traffic stop for "defective equipment (broken windshield and broken headlight)." *2026 Form I-831*, at 2, Gov't's Ex. E. He faces administrative charges of "immigrant without a visa" and "alien present without admission or parole." *Id.* Petitioner represents that the arrest was not made pursuant to a warrant, that Petitioner's parole was not revoked, and that his detention is civil and administrative in nature, not based on any criminal charge. *Pet*. ¶¶ 15, 16; *Reply* 3. Further, Petitioner claims that "no immigration officer or decisionmaker has determined that physical confinement is justified by a legitimate governmental purpose in Petitioner's case." *Pet*. ¶ 17.

The Court agrees with Petitioner that, despite Petitioner's 2022 "expedited removal proceedings," he was released on parole and placed into standard removal proceedings. *Reply* 3. There has been no indication of a change in circumstance since his grant of parole which provided him with reasonable expectation of due process associated with his liberty interest. Therefore, the Court's analysis does not change.

With the same analysis previously undertaken and with reasoning consistent with the uniform position taken in this District and the majority of courts in the nation,[4] the Court finds: it

---

[4] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Resp*. 2; *Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's

has jurisdiction, Petitioner's detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2), and Petitioner's due process rights have been violated.

The Court finds Petitioner is entitled to relief of immediate release. The Court wastes no time in restoring the wrongly deprived physical liberty interests of Petitioner. The Court rejects the propriety of alternative relief, such as ordering a bond hearing.[5]

The Government's Motion to Dismiss (ECF No. 18) is **DENIED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioner Segundo Rodolfo Noa Jipa from civil immigration custody immediately. The Court further **ORDERS** Respondents to facilitate the prompt return of any of Petitioner's seized property, including legal documents. Respondents are **PROHIBITED** from re-arresting and detaining Petitioner pending further order of this Court.[6]

---

detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[5] Ordering a bond hearing would be futile given the reports of systematic denial of bond and the Board of Immigration Appeal's affirmation that Immigration Judges do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under [the Government's interpretation of] Section 235(b)(2)(A) of the [Immigration and Nationality Act] INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Matter of* Yajure *Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); *Briceno Solano*, 2026 WL 311624, at *20.

[6] The language in the Court's orders granting relief in recent immigration habeas corpus petitions has evolved from containing a provision prohibiting Respondents from "re-arresting and detaining

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 13, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

Petitioner absent a determination by a neutral and detached decisionmaker or change in circumstance justifying such detention" to more broadly prohibiting Respondents from "re-arresting and detaining Petitioners pending further order of this Court." The Court finds the broad language appropriate given Respondents' record of a lack of compliance with Court orders and common practice of unlawfully detaining undocumented individuals. *See Briceno Solano*, 2026 WL 311624, at *20.